## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-00581 (MCF) |
| **ERNESTO RODRIGUEZ ALZUGARAY &** **TERESA SUAREZ CASTRO** | CHAPTER 7 |
| Alleged Debtors | |

**FILED & ENTERED**

AUG 06 2019

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUER

**OPINION AND ORDER**

Three petitioning creditors filed an involuntary petition under chapter 7 against a married couple. The alleged debtors move to dismiss the involuntary petition for lack of subject matter jurisdiction. The petitioning creditors oppose the dismissal and request procedural remedies to amend and sever claims against the alleged debtors. For the reasons stated below, the Court hereby denies the motion to dismiss for lack of subject matter jurisdiction. Petitioning creditors' request to amend the involuntary petition is granted. Their request to sever the involuntary bankruptcy against one of the spouses is denied.

### I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. Procedural History

On February 5, 2019, Alma Lugo Ramirez, Miguel Lugo Ramirez, and Angeles Lugo Ramirez (the "Petitioning Creditors") filed an involuntary petition against Ernesto Rodriguez Alzugaray and Teresa Suarez Castro (the "Alleged Debtors"), pursuant to 11 U.S.C. § 303

-1-

(Docket No. 1).[1] On March 18, 2019, the Alleged Debtors filed a motion to dismiss the involuntary petition asserting—among other defenses—the lack of subject matter jurisdiction over this petition (the "Dismissal Motion," Docket No. 7). Alternatively, they argue that the Court should abstain from hearing the case altogether.

In the interim, Scotiabank de Puerto Rico, Matilde Del Carmen Lopez Ramirez, Carmen Sol Ramirez Beiso, Waldemar J. Ramirez Beiso, Erik J. Ramirez Nazario, and Sonia Ramirez Sanoguet filed motions to join the involuntary bankruptcy as petitioning creditors (Docket Nos. 11 & 27). The Alleged Debtors requested that the Court stay the proceedings until resolution of the jurisdictional defense they raised in the Dismissal Motion (Docket No. 28). The Court denied the Alleged Debtors' motion to stay the proceedings (Docket No. 43). Thereafter, the Petitioning Creditors opposed the Dismissal Motion (Docket No. 30) and filed a motion to amend the involuntary petition and sever the involuntary petition, pursuant to Fed. R. Bankr. P. 1018, 7015 & 7021 (Docket No. 35). The Alleged Debtors opposed the severing of the involuntary petition (Docket No. 51). Counsel for the Alleged Debtors recently filed a motion requesting his withdrawal from the case (Docket No. 71), with consent of the Alleged Debtors (Docket No. 76). The Court granted the withdrawal motion and ordered the parties to obtain legal representation (Docket Nos. 85 & 86). Nevertheless, the parties have fully briefed the issue of the Court's subject matter jurisdiction which is now ripe for adjudication.

### III. Standard for Dismissal

In involuntary proceedings, the Federal Rules of Bankruptcy Procedure govern pleadings and motions.[2] Rule 1011(b) references Rule 12 of the Federal Rules of Civil Procedure, and

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109–8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

[2] All references to "Rules" or to a specific rule shall be to the Federal Rules of Bankruptcy Procedure.

states that "[d]efenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R. Civ. P." Fed R. Bankr. P. 1011(b).

In reviewing a motion to dismiss, the Court must accept as true all allegations contained within the complaint. A complaint must state sufficient facts that plausibly suggest the plaintiff's entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Aversa v. United States, 99 F.3d 1200, 1209–10 (1st Cir. 1996) (internal citations omitted) ("In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff.). "The part[y] asserting jurisdiction, here the [Petitioning Creditors], [have] the burden of demonstrating the existence of federal jurisdiction." Acosta–Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 20 (1st Cir. 2013). Unless otherwise stated, any reference to the involuntary petition should be read as a reference to the complaint. Fed. R. Bankr. P. Rule 1018.

### IV. Parties' positions

In the Dismissal Motion, the Alleged Debtors argue that the accumulation of joint debtors in the involuntary petition deprives the Court of subject matter jurisdiction because the Bankruptcy Code only allows involuntary petitions against a single debtor, under 11 U.S.C. § 303(a). They argue that the Court should follow caselaw ordering automatic dismissal where debtors are jointly-accumulated in an involuntary petition (Docket No. 7). The Alleged Debtors argue that "a joint, and therefore defective involuntary petition demands simple analysis from the Court coupled with a simple solution; dismissal without prejudice." Docket No. 40 at 11.

Moreover, they contend that the involuntary petition fails the numerosity requirement of § 303(b)(1) which mandates three petitioning creditors when debtors have twelve or more creditors. The Alleged Debtors included a list of creditors with their Dismissal Motion to establish that they have an excess of 12 creditors. The Alleged Debtors assert that the three

Petitioning Creditors do not count as separate creditors because they hold one claim originating from a single local-court judgment against the Alleged Debtors. As a consequence, the involuntary petition should be dismissed on this basis. They also claim that each of the Petitioning Creditors' jurisdictional missteps are in bad faith and that dismissal is therefore warranted at this stage, regardless of the merits of the involuntary petition and they are entitled to attorney fees, costs and damages, under 11 U.S.C. § 303(i). Lastly, should the involuntary petition survive their Dismissal Motion, the Alleged Debtors request an order for abstention, pursuant to 11 U.S.C. § 305.

The Petitioning Creditors propose an expansive view of the Court's subject matter jurisdiction instead of the Alleged Debtors' narrow view. The Petitioning Creditors cite caselaw where bankruptcy courts have exercised subject matter jurisdiction in similar cases to the one at bar. In re Bowshier, 313 B.R. 232, 235 (Bankr. S.D. Ohio 2004); In re Gale, 177 B.R. 531 (Bankr. E.D. Mich. 1995).

In response to the numerosity requirement which the Alleged Debtors contest, the Petitioning Creditors rebutted by arguing that they are three creditors holding separate claims against the Alleged Debtors, pursuant to 11 U.S.C. § 303(b). The Petitioning Creditors aver that dismissal of the case would prejudice them in avoidance endeavors and by allowing preferential payments to occur undetected.

**V. Discussion**

Jurisdictional issues should be resolved before addressing the merits of the action. See Morales Feliciano v. Rullan, 303 F.3d 1, 6 (1st Cir. 2002) ("[T]he preferred—and often the obligatory—practice is that a court, when confronted with a colorable challenge to its subject matter jurisdiction, should resolve that question before weighing the merits of a pending action."). Two jurisdictional issues must be decided: (1) whether the Court has jurisdiction over

-4-

this involuntary petition, pursuant to 11 U.S.C. § 303; and (2) whether the Court should abstain from exercising jurisdiction over this case, pursuant to 11 U.S.C. § 305.

**A. Whether bankruptcy courts have jurisdiction over joint involuntary petitions**

The Judicial Code establishes the courts' jurisdiction over bankruptcy petitions. Kontrick v. Ryan, 540 U.S. 443, 453 (2004). Section 1334 of title 28 states that "the district courts shall have original and exclusive jurisdiction of all cases under title 11 [the Bankruptcy Code]," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b). Bankruptcy court jurisdiction exists, by reference from the district courts, "in three categories of proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1344 (11th Cir. 1999)(citing 28 U.S.C. § 1334). Section 303(a) of the Bankruptcy Code addresses the commencement of involuntary cases. It states classes of debtors against whom involuntary petitions may be commenced:

> An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person. . .that may be a debtor under the chapter under which such case is commenced.

11 U.S.C. § 303(a).

Courts are divided on whether an involuntary petition can proceed against two alleged debtors. The minority view has interpreted section 303(a) to preclude the filing of an involuntary petition against more than one person because only a single person may be adjudicated an involuntary debtor. In re Benny, 842 F.2d 1147, 1149 (9th Cir. 1988) ("[A]n involuntary joint petition is not contemplated under the Bankruptcy Code."); King v. Fidelity National Bank of Baton Rouge, 712 F.2d 188 (5th Cir. 1983); In re Jones, 112 B.R. 770, 771 (Bankr. E.D. Va. 1990); In re South Florida Title, Inc., 92 B.R. 548 (Bankr. S.D. Fla. 1988); In re Calloway, 70 B.R. 175 (Bankr. N.D. Ind. 1986).

In a case with nearly identical procedural facts as the present case, the court in In re Calloway, 70 B.R. 175 (Bankr. N.D. Ind. 1986), ruled that it did not have subject matter jurisdiction over an involuntary petition filed jointly against a married couple. It reasoned that the statutory requirements of section 303 were not before it because the Code does not allow joint petitions. "These two individuals as one entity can no more be an involuntary debtor in one case pursuant to one involuntary petition than can a farmer (11 U.S.C. § 303(a)), or a railroad under chapter 7 (11 U.S.C. § 109(b)(1))." In re Calloway, 70 B.R. 175, 179 (Bankr. N.D. Ind. 1986). The court concluded that it could not remedy the jurisdictional defect subsequent to the filing of the petition by severing or dismissing one of the debtors because jurisdiction is established at the time of the filing of a complaint. The Calloway court gleaned from the Advisory Committee notes to Bankruptcy Rule 1018 that severing the petition against each debtor under Bankruptcy Rule 7021 is inapplicable in involuntary petitions.[3] The Court dismissed the involuntary petition against the alleged joint debtors for lack of subject matter jurisdiction.

The majority view has interpreted section 303(a) as nonjurisdictional and allowed the petition to go forward against one debtor. In re Bowshier, 313 B.R. 232, 238 (Bankr. S.D. Ohio 2004)(applying Rule 21 to remedy a jointly filed involuntary petition against spouses); In re Gale, 177 B.R. 531 (Bankr. E.D. Mich. 1995)(determining that court has jurisdiction over involuntary joint petitions and may also allow the cure of a defective petition under Fed. R. Bankr. P. 7021). Other courts have classified the joint involuntary petition as jurisdictionally

---

[3] The Advisory Committee Note to Bankruptcy Rule 1018 states:

> Because of the special need for dispatch and expedition in the determination of issues in an involuntary petition [citation omitted] the objective of some of the Federal Rules of Civil Procedure and their adaptations in Part VII to facilitate the settlement of multiple controversies involving many persons in a single lawsuit is not compatible with the exigencies of bankruptcy administration. [Citation omitted.] For that reason, [Rule 7021] will rarely be appropriate in a proceeding on a contested petition.

Bankruptcy Rule 7021 Advisory Committee's Note to Rule 1018 (1983).

deficient but proceeded to cure the petition so that it may proceed. In re Benny, 842 F.2d 1147 (9th Cir. 1988), cert. denied, 488 U.S. 1014 (1989) (concluding that voluntary conversion of an involuntary joint petition to a chapter 11 case supplied the missing element of voluntariness and cured the jurisdictional defect); King v. Fidelity National Bank of Baton Rouge, 712 F.2d 188 (5th Cir.1983), cert. denied, 465 U.S. 1029 (1984) (dismissing wife, but allowing involuntary petition against husband to remain because continuing case against one spouse would bring all community property into the estate and thereby avoid prejudice to creditors); Bank of America, N.A. v. Weese, 277 B.R. 241 (D. Md. 2002)(allowing amendment of petition under Fed. R. Bankr. P. 7015(a) to drop one spouse prior to responsive pleading because "joinder would deprive the court of exercising the subject matter jurisdiction it possesses."); In re Alexander, 1999 WL 240336 (Bankr. D. Vt. April 14, 1999)(granting Rule 7015(a) motion to amend petition that was filed prior to answer to cure defective petition and preserve jurisdiction); In re South Florida Title, Inc., 92 B.R. 548 (Bankr. S.D. Fla. 1988) (agreeing with the King rationale and dismissing one spouse, pursuant to Rule 7021).

Subsequently, the Supreme Court in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), developed a bright-line test to determine whether Congress meant for a statute to be jurisdictional. There, the Supreme Court had the occasion to interpret a federal anti-discrimination statute and whether the employee numerosity requirement in the statute's definition of 'employer' "affected federal-court subject matter jurisdiction or, instead, delineated a substantive ingredient of a Title VII claim for relief." Arbaugh, 546 U.S. at 503. The Supreme Court held that Title VII's "numerical threshold does not circumscribe federal-court subject matter jurisdiction." Id. at 504. It also held that a clear statement by Congress was required to construe a threshold limitation on the scope of a statute as jurisdictional. "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Id. at 516. The unanimous Supreme Court anticipated that all

-7-

federal courts would thereafter adhere to the "bright-line" test. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010).

Thereafter, courts have applied the "bright-line" mandate in Arbaugh to their interpretation of § 303. The Eleventh Circuit in In re Trusted Net Media Holdings, LLC, 550 F.3d 1035 (11th Cir. 2008), observed that § 303 "contains no explicit reference to its requirements being jurisdictional in nature and never uses the word 'jurisdiction.'" Trusted Net Media, 550 F.3d at 1043 In In re Zarnel, 619 F.3d 156, 168–69 (2d Cir. 2010), the Second Circuit noted that § 303 does not suggest that a bankruptcy court should *sua sponte* raise the issue of whether the requirements of § 303 are satisfied. Moreover, it added that "§ 303(h) provides the opposite, since the bankruptcy court should order relief if the petition is not timely controverted," and that "the Bankruptcy Code is governed by a separate jurisdictional provision, [28 U.S.C. § 1344], which contains other restrictions and exclusions." Zarnel, 619 F.3d at 169.

Based on the aforementioned authorities, Calloway and its progeny's interpretation of section 303's elements as jurisdictional can no longer be considered good law. The Supreme Court's bright-line test in Arbough to determine whether Congress meant for a statute to be jurisdictional is binding. Moreover, the Circuit court decisions interpreting section 303(a) and (b) are persuasive. Zarnel, 619 F.3d at 168–69; Trusted Net Media, 550 F.3d 1035.

In applying the bright-line test of Arbough and agreeing with the circuit decisions, the Court holds that § 303(a) is not a jurisdictional statute. The Court has subject matter jurisdiction of the involuntary petition against the Alleged Debtors. The Court now turns to the issue of whether the involuntary petition may be brought against married individuals as a procedural matter and the appropriate remedy to apply in this case if the Code prohibits it.

**B. Whether to allow amendment or severance of the involuntary petition**

The Petitioning Creditors concede that section 303(a) makes no reference to the filing of an involuntary petition against joint debtors, except in voluntary petitions under section 302(a).[4] Consequently, the parties agree that the filing of an involuntary petition against joint debtors is prohibited. The Petitioning Creditors request leave to amend their petition to drop the Alleged Debtor, Teresa Suarez Castro, as a remedy for filing an involuntary petition against the spouses.

Courts have applied procedural rules to remedy a defectively filed involuntary petition under § 303(a). In re Bowshier, 313 B.R. 232, 235 (Bankr. S.D. Ohio 2004). When alleged debtors have been joined in one involuntary petition, some courts have allowed the involuntary petition to be cured by an amendment under Fed. R. Bankr. P. 7015(a). Other courts have cured the defect by using the misjoinder remedy provided by Fed. R. Bankr. P. 7021, although this particular rule is not included in the list of rules mentioned in Fed. R. Bankr. P. 1018 that govern contested involuntary petitions. "However, [Rule 1018] allows for judicial discretion in directing the application of other rules. A number of courts have discerned this to be the most direct and appropriate approach and have chosen to apply Fed. R. Bankr.P. 7021 to dismiss a party or sever the claims." Bowshier, 313 B.R. at 237–38; In re Gale, 177 B.R. at 536; In re Western Land Bank, Inc., 116 B.R. at 725. The King court, for example, applied Rule 7021 to dismiss one of

---

[4] Joint petitions must be voluntary. Section 302(a), regarding joint petitions, states as follows:

> A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 302(a).

The legislative history of this section also supports this interpretation: "A joint case is a voluntary bankruptcy case concerning a wife and husband." H.R.Rep. No. 95–595, at 321 (1977); S.Rep. No. 95–989, at 32 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6277, 5787, 5818. See also In re Bowshier, 313 B.R. 232, 235 (Bankr. S.D. Ohio 2004)("[T]he court concludes that these statutory provisions [11 U.S.C. §§ 302 & 303] create a prohibition against a joint involuntary filing.").

the joined spouses in an involuntary petition. <u>King v. Fidelity Nat'l Bank of Baton Rouge</u>, 712 F.2d 188, 190–91 (5th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1029 (1984) (directing the lower court to utilize Rule 21 to drop one of the debtor spouses against whom an involuntary joint petition had been filed); <u>See also</u> <u>In re Gale</u>, 177 B.R. 531, 536 (Bankr. E.D. Mich. 1995)(also using Rule 21 to cure a defective petition).

The Alleged Debtors urge the Court to deny the Petitioning Creditors' request to sever the involuntary petition under Rule 7021. They explain that the Advisory Committee notes indicate that Rule 7021, "will rarely be appropriate" in this context because "the objective of [such] Rules. . .to facilitate the settlement of multiple controversies involving many persons in a single lawsuit is not compatible with the exigencies of bankruptcy administration." Advisory Committee Note to Fed. R. Bankr. P. 1018 (1983). They argue that Rule 1018's omission of Rule 7021 impliedly limits the Court's jurisdiction.

"[I]t is axiomatic" that [procedural] rules "do not create or withdraw federal jurisdiction." <u>Kontrick v. Ryan</u>, 540 U.S. 443, 453–54 (2004); <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 370 (1978). As Bankruptcy Rule 9030 states, the Bankruptcy Rules "shall not be construed to extend or limit the jurisdiction of the courts. . . ."; <u>Schacht v. United States</u>, 398 U.S. 58, 64 (1970)("The procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional. . .").

The Court begins its analysis by noting that Rule 1018 lists the rules that are applicable to contested involuntary petitions. It states in relevant portion as follows:

> Unless the court otherwise directs and except as otherwise prescribed in Part I of these rules, the following rules in Part VII apply to all proceedings contesting an involuntary petition [. . .]: Rules 7005, 7008-7010, **7015**, 7016, 7024-7026, 7028-7037, 7052, 7054, 7056, and 7062. The court may direct that other rules in Part VII shall also apply. . . .

Fed. R. Bankr. P. 1018 (Emphasis added).

-10-

Rule 7015, which is listed in Rule 1018, allows amendments before trial in the following circumstances:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.[5]

Because no jurisdictional bar exists to proceed with matters in this involuntary petition, the Court allows the Petitioning Creditors to amend the involuntary petition to include one of the Alleged Debtors because Rule 15(a)(2) allows the Court to freely give leave to amend pleadings when justice so requires. In this case, the Petitioning Creditors added an extra party and allowing them to amend the involuntary petition will allow the case to be resolved on the merits as opposed to dismissing the case on procedural grounds.

Applying Rule 7021 to this contested petition would have the same effect of allowing amendment under Rule 7015 in order to drop one of the spouses. Rule 7021 (not included in the list of rules applicable to contested involuntary petitions) allows the Court, in its discretion, to sever a claim against an improperly joined party or to drop a party. Rule 7021 incorporates Fed. R. Civ. P. 21 which states:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

---

[5] Rule 15 of the Federal Rules of Civil Procedure, regarding amended and supplemental pleadings, is applicable to involuntary proceedings by virtue of Fed. R. Bankr. P. 1018.

Rule 7021 allows the Court to drop a party at any time and on just terms. Here, it is appropriate to drop one of the Alleged Debtors rather than dismiss the involuntary petition.

Although the Court drops Teresa Suarez Castro from the involuntary petition, it denies the request for severance. It will be difficult to administer two petitions separately in light of the community property belonging to both of the Alleged Debtors. By keeping one of the Alleged Debtors, the community property held by both will be part of the bankruptcy estate if an order for relief is entered. Consequently, the Petitioning Creditors' request for severance of the involuntary petition against one of the Alleged Debtors, Teresa Suarez Castro, is denied because the filing of the involuntary petition against her husband, Ernesto Rodriguez Alzugaray, would bring the Alleged Debtors' community property into the bankruptcy estate by virtue of 11 U.S.C. § 541(a)(2)(A); King v. Fidelity Nat'l Bank of Baton Rouge, 712 F.2d 188, 190–91 (5th Cir. 1983), cert. denied, 465 U.S. 1029 (1984).

**C. The creditor numerosity requirement, under 11 U.S.C. § 303(b)**

The Alleged Debtors argue that the Petitioning Creditors cannot be counted as "three or more entities" under section 303(b)(1) because they are joint payees pursuant to a single judgment.[6] The Alleged Debtors submit that the number of petitioning creditors is insufficient to commence an involuntary case against them based on their list of creditors included with the Dismissal Motion. They also argue that this alleged defect is jurisdictional. Based on the aforementioned analysis on jurisdiction, the Court overrules the Alleged Debtors' objection

---

[6] Section 303(b) states, in pertinent part, that:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $16,750 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

11 U.S.C. § 303(b)(1).

-12-

under Rule 12(b)(1). As the Eleventh Circuit has stated: "[T]he language of § 303(b) does not evince a congressional intent to implicate the bankruptcy courts' subject matter jurisdiction." Trusted Net Media, 550 F.3d 1043.

Moreover, the numerosity requirement in § 303(b) is not ripe for the Court's consideration because the Alleged Debtor has not answered the involuntary petition. Each debtor who asserts an insufficiency in the number of petitioning creditors must aver, in his or her answer, the existence of twelve or more creditors and file with the answer, "a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof." In re Bowshier, 313 B.R. 232, 240 (Bankr. S.D. Ohio 2004)(citing Fed. R. Bankr. P. 1003(b)). The Alleged Debtors have not filed an answer to the involuntary petition under Rule 1003, presumably because of the jurisdictional defenses pending. Rule 1013, regarding contested involuntary petitions, states that "[t]he court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order." If the remaining Alleged Debtor decides to contest the involuntary petition, he must prove any defense at trial. Fed. R. Bankr. P. 1013. For this reason, the Court overrules the Alleged Debtors' objections on the issues of creditor numerosity and bad faith, as premature.

**D. Abstention under 11 U.S.C. § 305**

The Court next addresses whether an order for abstention is warranted in the instant case. Section 305 states, in pertinent part that "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if. . . the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305.

This case is a core proceeding which arises under the Bankruptcy Code. 28 U.S.C. § 1334. Thus, entry of an order for relief is within the Court's jurisdiction. "[A] finding that a

-13-

matter is a core proceeding weighs heavily in favor of a denial of abstention. . . [A]bstention would be totally unwarranted when there has been a determination that a proceeding is core." In re Arnold Print Works, Inc., 815 F.2d 165, 171 (1st Cir. 1987). As of yet, the record of the case demonstrates that the other creditors would join the involuntary petition against the remaining debtor. Therefore, abstention is not an appropriate remedy in favor of creditors at this time.

## VI. Conclusion

Based on the aforementioned discussion, the Court denies the Dismissal Motion based on the lack of subject matter jurisdiction, pursuant to Fed. R. Bankr. P. 7012. The Petitioning Creditors' request to amend the involuntary petition is granted but their request to sever the involuntary petition is denied, pursuant to Fed. R. Bankr. P. 7015 & 7021 (Docket No. 35). The Clerk of Court is ordered to drop Teresa Suarez Castro as an Alleged Debtor in this proceeding. Ernesto Rodriguez Alzugaray is ordered to file an answer to the involuntary petition within thirty (30) days, pursuant to Fed. R. Bankr. P. 1003(b) & 1011(b).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of August 2019.

*Mildred Caban*

MILDRED CABAN FLORES
United States Bankruptcy Judge

-14-